Jane Moss

*v.*

Tom Moss.

*Filed at Ottawa June 16, 1880.*

</div>

Resulting trust—*barred by release.* Where a husband, entrusted with his wife's money to invest in real estate in her name, took the title in his own name, paying with her money, and after their separation a settlement was made between them by which he gave her certain furniture and $800, in consideration of which she gave him a written release and full discharge from all claims, debts, demands, actions and causes of action of every kind and nature, it was held a complete bar to a bill subsequently filed by her against him to compel a conveyance of the real estate to her.

Appeal from the Circuit Court of Cook county; the Hon. William W. Farwell, Judge, presiding.

Messrs. FRESHWATERS & MUNN, for the appellant :

The only question for consideration, arising in the case, is, whether or not this release is a sufficient bar to preclude the appellant from recovering this trust property from appellee by a suit or suits, action or actions.

It is submitted that there is no evidence showing that this real estate was taken into consideration at the time this release was executed, and this release is certainly not a deed of conveyance of said lots. 3 Washburn on Real Property, 331.

There is no evidence showing that appellant intended to release her equitable title in and to this property, or to convey it to appellee by executing this release.

In general, the words of a release will be restrained by the particular occasion of giving it. 1 Levinz, 99, 235; 3 id. 273; 1 Shower, 151; 2 id. 47; 2 Modern, 108 n, 281; 3 id. 185, 277; T. Raymond, 399; Palmer, 218.

Construction of the words, release of all claims, suits, demands, etc. 1 Modern, 64; 8 Coke, 150 b; 2 Saunders, 6 a; 5 Coke, 706; 12 Modern, 465; Salkeld, 578; 2 Rolle, 20; 2 Connecticut, 120; 1 Burton on Real Property, 15; Littleton, sec. 445; Sheppard Touchstone, 320. .

Mr. FRANK BAKER, for the appellee:

A release of all actions and causes of action releases every claim which a party can not get without an action. But the release embraces " all demands," which, Littleton says, is the best release to him to whom it is given, and " all claims," which, Lord COKE says, is a stronger word than *demand*. A release of demands discharges all sorts of actions, real, personal and mixed, rights and titles, conditions before and after breach, appeals, rents of all kinds, covenants, annuities, contracts, etc. Litt. sec. 508; Co. Litt. 291; 8 Bacon's Abridg. 283; Comyn's Digest, title, Release E.; *Scott* v. *Morris,* 9 Serg. & R. 124; *Jordan* v. *Sanders,* 2 Roll. Abr. 407.

Per Curiam:  This was a bill in chancery, filed in the court below, by appellant, against appellee, alleging that, in 1871, complainant entrusted to defendant the sum of $1500 to invest for her in certain lots in the city of Chicago; that the defendant took the title to said described real estate in his own name, without complainant's knowledge or consent, and afterwards defendant admitted to complainant that said lots belonged to complainant, and that he held title to the same for complainant's benefit; but that since then defendant refused to convey the same to complainant.  The prayer of the bill was for a conveyance.

The defendant pleaded the following release:

"Know all men by these presents, that I, Jane Thorp Peed, (born Bradley, and sometimes called Moss,) of the city of Chicago, for and in consideration of the sum of $800, and all the furniture in the rooms lately occupied by me at No. 287 West Randolph street, Chicago, to me paid and delivered by Tom Moss, of said city of Chicago, (the receipt whereof I do hereby acknowledge,) have remised, released and forever discharged, and do hereby for myself, my heirs, executors, etc., remise, release and forever discharge the said Tom Moss, his heirs, executors and administrators, of and from all claims, debts, demands, actions and causes of action of every name and nature which I now have, or which may result from the existing state of things, from any and all acts, conduct, contracts, doings and omissions, from the beginning of the world until this day.

In testimony whereof, I have hereunto set my hand and seal this 16th day of January, A. D. 1877.

"Jane Thorp Peed." [seal.]

Complainant filed a replication traversing the plea, and upon this issue the cause was tried.

The evidence showed that complainant and defendant had lived and cohabited together, as husband and wife, from 1871 to 1877.  During that time defendant had received about $1700,

a portion of which was lost, and the balance invested in the real estate in controversy in the name of defendant. In 1877 they separated, and at a settlement it was agreed defendant should pay complainant $800 and give her certain furniture, and she would execute the release, which was accordingly done.

Appellant's case is devoid of merit. The evidence clearly shows the parties intended, by the release, to make a full and complete settlement of all their transactions, including that in relation to the lots in question, and the release is sufficiently broad in its terms to include complainant's interest in the lots, and we hold does release the same.

The judgment of the court below will be affirmed.

*Judgment affirmed.*